IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Michael Jones a/k/a Rahim Payne, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 0:06-2432-MBS-BM |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Lt. Ancrum, Sgt. Degner, Cpt. Gathers, ) | |
| sued in their official and individual ) | |
| capacity; Charleston County Detention ) | |
| Center, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Michael Jones, a/k/a Rahim Payne, was an inmate at the Charleston County Detention Center at the time this action was filed. Plaintiff, appearing pro se, filed a complaint pursuant to 42 U.S.C. § 1983 on August 30, 2006. Plaintiff alleges he was denied access to the courts and that Defendants lost his personal property, and seeks declaratory, injunctive and monetary relief.

This matter is before the court on Plaintiff's motion for summary judgment filed on December 5, 2006 and Defendants' motion for summary judgment filed on December 22, 2006. By order filed December 22, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. On February 8, 2007, Plaintiff filed a response to Defendants' motion for summary judgment.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. The Magistrate Judge

issued a Report and Recommendation ("Report and Recommendation") on March 15, 2007, in which he recommended Plaintiff's motion for summary judgment be denied and Defendants' motion for summary judgment be granted. The Magistrate Judge found that Defendant Charleston County Detention Center was entitled to dismissal because as a building or facility, it is not subject to suit under § 1983; that Plaintiff's claims for declaratory and/or injunctive relief should be dismissed as moot because Plaintiff is no longer incarcerated at Charleston County Detention Center; that Plaintiff's claims regarding denial of access to the courts fail because his claims were conclusory, he provided no factual or evidentiary support to establish a constitutional violation, and he did not show that any injury occurred as a result of any alleged denial of access. To the extent Plaintiff makes a claim based on Defendants allegedly losing Plaintiff's personal property, the Magistrate Judge found that claim should fail because it does not amount to a constitutional claim.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

On April 9, 2007, Plaintiff filed his objections to the Report and Recommendation. Plaintiff's objections generally restate the allegations of the complaint. The court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano

v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). The court concurs in the Report and Recommendation and incorporates it herein by reference. Plaintiff's motion for summary judgment is **denied**, Defendants' motion for summary judgment is **granted**, and the case is dismissed.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

Columbia, South Carolina

September 26, 2007.

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**